## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

---

Michael E. Neville, Jr.,

      Plaintiff,

vs.

Grenade, LLC,
a Nevada limited liability corporation,

      Defendant.

Court No.

**COMPLAINT**
(Jury Trial Demanded)

---

**COMES NOW**, the Plaintiff, Michael E. Neville, Jr. ("Neville"), for his claims against Defendant, Grenade, LLC ("Grenade"), stating and alleging as follows:

1.    Plaintiff, Michael E. Neville, Jr., is a citizen of the State of Wisconsin and works as a commissioned, independent sales representative for manufacturers and importers in the sporting goods industry. At all times relevant to this complaint, Neville's principal place of business has been located in the DePere, Brown County, Wisconsin.

2.    Defendant, Grenade, LLC, is a limited liability company organized under the laws of the State of Nevada, with its principal place of business located in Portland, Oregon. Grenade is a manufacturer of snowboarding and skateboarding clothing and accessories.

3.    Because Grenade has, at all times relevant to this complaint, had a contractual relationship with Neville, a Wisconsin resident, and has enjoyed the substantial benefit of hundreds of thousands of dollars of annual sales to Wisconsin retail store customers, most of which originated from Neville's Wisconsin office, Defendant's

1

contacts with the State of Wisconsin have been systematic and continuous, and this Court has personal jurisdiction over Grenade, both general and specific.

4.     Because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction over this matter, pursuant to 28 U.S.C. §1332.

5.     Because significant events giving rise to this action occurred in this district and because this Court has personal jurisdiction over Grenade, venue in this district is proper pursuant to 28 U.S.C. §1391(a).

6.     Pursuant to Fed.R.Civ.P. 38, Neville demands a jury trial.

### FACTS COMMON TO ALL COUNTS.

7.     On or about Jan 30, 2001, Grenade retained Neville to work as its commissioned, independent sales representative, selling its products to retail store customers in a multi-state territory which at all times included the State of Wisconsin.

8.     At all times the parties' independent sales representative agreement was unwritten and for an indefinite duration.

9.     Under the terms of the parties' contract, Grenade was to pay Neville a commission of 10% on the net-shipped value of all sales in his territory. Commissions were to have been paid to Neville in the month following Grenade's receipt of payment from retail store accounts in Neville's territory.

10.     Before Neville was retained as Grenade's independent sales representative, the Defendant's sales of its products in the territory assigned to Neville were negligible or non-existent.

2

11. Over the course of the parties' relationship Neville worked diligently to market Grenade's products, and successfully opened numerous retail store accounts for Grenade. Between January 2005 and December 2007, Neville made sales of Grenade's products to his retail store accounts totaling approximately $689,463.00, for which he earned—and should have been paid—commissions totaling approximately $68,946.00.

12. Yet, against these earned commissions, Grenade has paid Neville only $11,203.39, leaving approximately $57,743.00 in commissions unpaid to this day.

13. Furthermore, in January 2007, Neville secured a large order for Grenade from an important customer, Moda 3, totaling approximately $67,000.00 (the "Moda 3 Order"), which should have resulted in commissions to Neville of approximately $6,700.00.

14. Upon information and belief, Grenade failed to fill the Moda 3 Order until the first week of December—well past the standard shipping window for winter sports goods to customers in Neville's territory. As a result, Moda 3 complained to Grendade about this delinquent shipment, and in response the Defendant rashly cancelled the entire Moda 3 Order.

15. As a direct result of Grenade's failure to perform and fill the Moda 3 Order in a timely fashion, Neville lost commissions totaling approximately $6,700.00.

16. As a result of Grenade's failure to fill the Moda 3 Order, and combined with its continuing failure to pay long overdue commissions, on approximately December 7, 2007, Neville resigned as Grenade's independent sales representative, effective immediately. In conjunction with his written notice of resignation, Neville demanded full payment of all commissions due and owing to him.

3

17.     Despite Neville's written demand for the payment of all commissions, Grenade has failed and continues to refuse to pay these commissions legally due.

## COUNT I.
## BREACH OF CONTRACT.

18.     Neville reasserts each and every allegation contained in complaint paragraphs 1 through 17 as if fully restated herein.

19.     The parties had an unwritten contract, under the terms of which Neville was entitled to a commission on all sales of Grenade's products procured by him, payable at a rate equal to 10% of the net-shipped value of said orders.

20.     Under the terms of the parties' contract, Grenade was to pay all commissions to Neville in the month following its receipt of payment from the retail store account for goods shipped on orders written by Neville.

21.     Grenade presently is indebted to Neville for commissions earned by him under the terms of the parties' contract in the total amount of approximately $57,743.00.

22.     Grenade has failed and refuses to pay Neville the above-described commissions, and by its conduct, Grenade has committed multiple breaches of the parties' contract.

23.     As a direct and proximate result of Grenade's breach of the parties' contract, Neville has suffered compensatory and consequential damages, in an amount to be proven at trial, but which will total at least $57,743.00.

4

## COUNT II.
## VIOLATION OF WISC. STAT. §134.93.

24.    Neville reasserts each and every allegation contained in complaint paragraphs 1 through 23 as if fully restated herein.

25.    Neville is an "independent sales representative" as that term is defined by Wis. Stat. §134.93(1)(b).

26.    Grendade is a "principal" as that term is defined by Wis. Stat. §134.93(1)(c).

27.    The amounts presently due and owing from Grenade to Neville constitute "commissions" as that term is defined by Wis. Stat. §134.93(1)(a).

28.    By its failure to pay Neville earned commissions within the time established by the parties' course of dealing or consistent with industry standard, Grenade has violated the prompt payment provisions of Wis. Stat. §134.93(2).

29.    As a direct and proximate result of Grenade's violation of Wisconsin law, Neville has suffered compensatory and consequential damages, in an amount to be proven at trial, but which will be at least $57,743.00.

30.    Furthermore, as a result of Grenade's violation of Wisconsin law, Neville is entitled to exemplary damages, pursuant to Wis. Stat. §134.93(5), in an amount to be proven at trial, but which may total an additional $115,486.00.

## COUNT III.
## QUANTUM MERUIT.

31.    Neville reasserts each and every allegation contained in complaint paragraphs 1 through 30 as if fully restated herein.

32.     At Grenade's request and direction, Neville obtained purchase orders from his retail store customers for the sale of significant quantities of Grenade's products.

33.     Neville undertook to procure these orders in reasonable and justifiable reliance on the promise that Grenade would fairly compensate him for this work.

34.     Grenade has enjoyed the substantial benefit of Neville's labor and effort in procuring these customer orders, and has realized substantial revenue and income from this business, but refuses to compensate Neville for the benefit so received.

35.     Under the doctrines of quantum meruit and unjust enrichment, Neville is equitably entitled to fair and reasonable compensation for the value of the benefit he has bestowed upon Grenade, and this compensation should be in an amount exceeding $173,229.00.

*WHEREFORE*, Neville respectfully requests the Court enter an order for judgment in his favor, for the following relief:

1.     An award of compensatory and consequential damages in Neville's favor from Grenade for its multiple breaches of the parties' contract or under the doctrine of quantum meruit, in an amount to be determined at trial, but which will likely total $57,743.00;

2.     An award of exemplary damages in Neville's favor and against Grenade for Defendant's violation of Wisc. Stat. §134.93(2), in an amount to be proven at trial, but which may total an additional $115,486.00, per Wis. Stat. §134.93(5);

3.     An award of Neville's costs, disbursements, statutory interest and attorneys' fees, per Wisc. Stat. §134.93(5) or otherwise allowed by law; and

4.     Such further relief as the Court deems just and reasonable.

6

Respectfully Submitted:

Dated: December 1, 2008.

**D. CLAY TAYLOR, P.A.**

By:

D. Clay Taylor, Esq.
1300 Nicollet Mall, Suite 5002
Minneapolis, MN 55403
Phone (612) 904-7376
Fax (612) 904-7377
Email DCTPA@msn.com

*ATTORNEYS FOR PLAINTIFF,*
*MICHAEL E. NEVILLE, JR.*